IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

ERIC FLORES, Plaintiff,

v.

UNITED STATES ATTORNEY GENERAL and FEDERAL BUREAU OF INVESTIGATION, Defendants.

4:15CV3038

MEMORANDUM OPINION

Plaintiff Eric Flores filed his complaint (Filing No. 1) on April 8, 2015. The Court granted him leave to proceed *in forma pauperis* in this action. The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

The Court is required to review *in forma pauperis* complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from

conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also* *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Here, Flores filed a 67-page "Petition to Challenge the Constitutionality of the First Amendment." (Filing No. 1 at CM/ECF p. 1.) He named the United States Attorney General and the Federal Bureau of Investigation as the respondents. He seeks to certify a class of Mexican-American citizens who are in imminent danger. His allegations pertain to the actions of "an organized group of executive employees of the federal government." He alleged this group of federal employees "set[] up their own court of common law" specifically established to deprive him of his constitutional rights. (*Id.* at CM/ECF p. 10.) He also alleged, among other things, that this group of federal employees directed genetic-code altering satellite transmissions from outer space at him, his family members, and other Mexican-Americans. None of the events Flores described in his complaint occurred in Nebraska.

The Court notes Flores has made identical or similar filings in numerous other district courts across the country.

*See, e.g.*, *Flores v. United States Attorney General*, No. 3:15-CV-00217-RCJ, 2015 WL 3949090 (D. NV. June 29, 2015); *Flores v. United States Attorney General*, No. CV 15-32-H-DLC-JTJ, 2015 WL 3650038 (D. MT June 11, 2015); *Flores v. United States Attorney General*, Nos. 15-5026-JLV, 15-5028-JLV, 2015 WL 3644836 (W.D. SD. June 10, 2015); *Flores v. United States Attorney General*, No. 15-11359, 2015 WL 3407926 (E.D. Mich. May 27, 2015).

The Court will dismiss Flores's complaint because his allegations are entirely baseless, fanciful, fantastic, or delusional. *See* *Denton v. Hernandez*, 504 U.S. 25, 32-34 (1992) (court may dismiss complaint of plaintiff proceeding *in forma pauperis* as frivolous, and disregard clearly baseless, fanciful, fantastic, or delusional factual allegations). In addition, as a pro se litigant, Flores may not represent the interests of other parties. *Litschewski v. Dooley*, No. 11-4105-RAL, 2012 WL 3023249, at *1 n. 1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed. Appx. 630 (8th Cir. 2013). Finally, the Court must dismiss Flores's complaint because venue in this district is not proper, as none of the facts alleged in the complaint occurred in the District of

Nebraska. A separate order will be entered in accordance with this memorandum opinion.

DATED this 13th day of July, 2015.

BY THE COURT:

/s/ Lyle E. Strom

______________________________
LYLE E. STROM, Senior Judge
United States District Court

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.